UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:97-CR-00007 (8)RM |
| | ) | |
| DARNELL WILSON | ) | |

## OPINION AND ORDER

Darnell Wilson filed a request to remit the $7,500 fine imposed at sentencing on March 27, 1998, contending that the large outstanding balance makes it impossible for him to gain independence since his release from prison [Doc. No. 453]. The government objects. It contends that Mr. Wilson doesn't have a right to request remission under 18 U.S.C. § 3573; that liability to pay the fine lasts for twenty years (plus any period of incarceration) or until the death of the defendant, 18 U.S.C. § 3613(b); and that Mr. Wilson's most recent financial statement indicates that he has the ability to continue to make the $25 monthly payments he's currently making, if not more. The government is willing to agree to remit all interest, once the principal balance is paid in full, but objects to any remission of the fine at this time.

Mr. Wilson was released from custody in August 2009, is employed, and is making $25 monthly payments toward his fine. By the government's calculations, he has made payments totaling $3,295, still owes $4,205 in principal and $4,290.30 in interest, and has the ability to continue to make payments. The government can petition the court to modify or remit all or part of the unpaid

portion of a fine, including interest and penalties, upon a showing that reasonable efforts to collect the fine aren't likely to be effective, 18 U.S.C. §3573, but that right doesn't extend to the defendant, United States v. Linker, 920 F.2d 1, 1-2 (7th Cir. 1990), and there's no evidence to suggest that the fine in this case is uncollectable. Accordingly, the court DENIES Mr. Wilson's motion to remit the fine [Doc. No. 453].

SO ORDERED.

ENTERED:   April 21, 2010

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: D. Wilson
    W. Grimmer